# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

UNITED STATES OF AMERICA

v.

DYLAN ANDERSON

Case No. 2:26-mj-152-KFW

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Gregory Squire, being first duly sworn, hereby state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I have been employed as a Special Agent of the Department of Homeland Security (DHS), Homeland Security Investigations (HSI) since 2007, and am currently assigned to the Portland, Maine Field office. As part of my duties, I am authorized to investigate violations of the laws of the United States, including but not limited to criminal violations relating to the sexual exploitation of children, child pornography, coercion and enticement, and transportation of minors, including but not limited to violations of 18 U.S.C. §§ 2422, 2423, 2251, and 2252A. For the past ten years I have specialized in dark web investigations, with a focus on child sexual abuse and child pornography websites. I am an active member of a multinational, multi-agency working group that focuses on national and international operations to combat child exploitation on the dark web and to rescue children from abusers who are active on the dark web. As an agent in the Portland Field Office, I frequently participate in the execution of search warrants involving child exploitation and pornography, and I work closely with HSI forensic specialists throughout these investigations and prosecutions.

2.      I make this affidavit in support of a Criminal Complaint charging Dylan

ANDERSON with one count of possession of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B). The information contained in this affidavit is based upon my participation in the investigation, discussion with other law enforcement officers, as well as my training and experience as a criminal investigator. This affidavit is intended to provide the facts necessary for a determination of probable cause.

### PROBABLE CAUSE

9. On the morning of May 13, 2026, HSI-Portland executed a judicially-authorized search warrant at a residence in Gray, Maine. The warrant authorized the search of the residence, as well as the person of Dylan ANDERSON (DOB XX/XX/2000). In executing the warrant, agents encountered ANDERSON at the residence. Agents seized multiple electronic devices, including three cell phones, from the residence.

10. Agents asked ANDERSON if he would be willing to speak with them regarding the purpose of the warrant, to which he agreed. ANDERSON was advised of his rights pursuant to *Miranda* and signed acknowledging his rights.

11. During the interview, ANDERSON acknowledged having utilized on his devices accounts on Kik Messenger and Teleguard which had distributed child sexual abuse materials on prior dates. ANDERSON admitted he had likewise received child pornography cell phone applications to include Kik, Teleguard, and Simplex.

12. ANDERSON admitted to agents that there would be child pornography located on his electronic devices. ANDERSON admitted all three phones were his, and that he had sole access/use of the devices.

13.     HSI agents were able to review the contents of one of the devices, a black iPhone 8 bearing serial number C8TV96KBJC6C. Agents observed numerous files of child sexual abuse materials located on the device in the photos application. Agents estimated in a quick review that the total number of CSAM files exceeded 1,000.

14.     One such file located in the photos application, "Epic_(11).jpeg", depicts a prepubescent female approximately 8 years old lying on her back with her vagina and anus exposed with her legs up in the air.

## CONCLUSION

15.     Based on all of the foregoing information, I submit that there is probable cause to believe that on about May 13, 2026, ANDERSON knowingly possessed a black Apple iPhone 8 bearing serial number C8TV96KBJC6C that contained images of child pornography, as defined in Title 18, United States Code, Section 2256(8). The images had been shipped and transported using any means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and at least one image involved in the offense involved a prepubescent minor who had not yet attained the age of 12.

Dated at Portland, Maine this 13th day of May, 2026.

_gRegory D Squire_____
Special Agent Gregory D. Squire
Homeland Security Investigators

Sworn to telephonically and signed electronically in accordance with the requirements of Rule 4.1 of the Federal Rules of Criminal Procedures

Date: May 13 2026_____

City and state: Portland, Maine_____

_____
Judge's signature

__Karen Frink Wolf,  U.S. Magistrate Judge__
Printed name and title